## McREYNOLDS et al. v. W. F. ROBERTS CO.

(Court of Appeals of District of Columbia.  Submitted April 4, 1922.  Decided May 1, 1922.)

### No. 3718.

I. **Appeal and error ⊚⇒719(5)—Admission of evidence, not assigned as error, need not be reviewed.**

The admission in evidence of letters objected to by appellant need not be reviewed, where such admission is not referred to, either directly or indirectly, in the assignments of error, in view of rule 5, § 9, and rule 8, § 5, requiring assignment of errors to be filed in the lower court, and providing that errors not assigned will be disregarded, though the court may, at its option, pass on a plain error not assigned.

2. **Appeal and error ⊚⇒1051(1)—Admission of letters, showing facts otherwise shown by testimony, held not prejudicial.**

The admission of letters exchanged between the parties, which stated facts otherwise established by competent testimony of witnesses, was not prejudicial.

3. **Contracts ⊚⇒346(5)—Plaintiff cannot offer evidence to negative waiver of time, where defendant does not raise that issue.**

In an action for damages caused to tenant by the landlord's failure to have the building completed in time prescribed by the contract, the admission in evidence of letters between the parties tending to show that the tenants had not waived the provision fixing the time for completion, was erroneous, since waiver of that provision, or estoppel to insist on it, were matters of defense which plaintiff need not disprove, if defendant did not raise the question.

4. **Trial ⊚⇒252(20)—Prayer authorizing reduction of damages, not established by any evidence, was properly refused.**

In an action for damages to a tenant by the landlord's failure to have the building completed in time, a prayer authorizing the jury to deduct the reasonable value of the use of the building during the time it was occupied by the tenants from the rent the tenant paid his former landlord for that time was properly refused, where there was no evidence as to the reasonable value of such use.

Appeal from the Supreme Court of the District of Columbia.

Action by the W. F. Roberts Company against William E. McReynolds and another.  Judgment for plaintiff, and defendants appeal  Affirmed.

Wilton J. Lambert, R. H. Yeatman, and Alfred M. Schwartz, all of Washington, D. C., for appellants.

W. C. Prentiss, of Washington, D. C., for appellee.

SMYTH, Chief Justice.  W. F. Roberts Company, a corporation, according to its declaration, entered into an agreement in August, 1916, with the McReynoldses, whereby the latter agreed to erect a building on lots described, in accordance with plans and specifications identified by the signatures of the parties, and rent the same to the Roberts Company for a term of 15 years from the 15th day of November, 1916, the rental to be paid in monthly installments.  The building was to be finished on October 20, 1916.  It was not completed, however, until February 20, 1917.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

When the contract was made, and for some time before, the Roberts Company occupied a building under a lease which by its terms was to expire November 15, 1916. This was well known to the McReynoldses at the time the agreement was entered into, and the date for completion of the new building was fixed with reference to the fact that the lease would expire at that time, and that the building would be required before then by the Roberts Company, so that the company might have a place to put its stock of goods prior to the expiration of its old lease.

The Roberts Company paid to the McReynoldses, as it was required to do, the rent reserved in the agreement, from the 15th of November, 1916, and was at the same time compelled to pay rent for the old building, which it was occupying until the new building was available, a period of three months.

Alleging a breach of the contract with respect to the time that the building was to be finished, the Roberts Company sued for damages, both general and special. The McReynoldses admitted the agreement, but pleaded certain facts in defense. A jury found for the Roberts Company, and judgment was entered against the McReynoldses, who bring the case here asking for a reversal.

There are 11 assignments of error. Only two points, however, are argued. The first relates to the admission in evidence of certain letters written by the Roberts Company to the McReynoldses subsequent to the making of the contract, and the second to the refusal of the court to give the first prayer requested by the McReynoldses.

[1] Concerning the admission of the letters, they are not referred to, either directly or indirectly, in the assignments of error, and therefore we are not required to review the action of the court in admitting them. The rules of this court say that assignments of errors relied upon by appellant shall be filed in the lower court, and that errors not assigned will be disregarded here, though the court at its option may pass upon a plain error not assigned. Rule 5, section 9; rule 8, section 5. We do not think the option should be exercised in this case.

[2] One of the letters complained of the progress which was being made in the construction of the building, reminded the McReynoldses of the importance of having the building completed in time and urged greater speed. The others relate to what the Roberts Company claimed to have paid out on account of the remissness of the builders. All these things were testified to in substance by witnesses, and no error is assigned with respect to the testimony.

So far as these letters had a tendency to show that the McReynoldses were informed of the importance to the Roberts Company of having the building finished on time, they but supplement what Roberts testified to, namely, that at the time the contract was signed, and previous thereto, he had advised the McReynoldses as to when the old lease would expire, and that the new building would have to be completed and ready for occupancy by the company before the 20th of October. The jury were instructed by the court that the plaintiff was required to establish that the defendants knew at the time the agreement was made of the special circumstances which rendered it necessary that the building should be completed at the time named in the contract and that un-

less they did know it they could not be held for special damages. In view of this we do not perceive how any injury could have come to the McReynoldses through the letters.

[3] Strictly speaking, however, the letters should have been rejected. Their admission is sought to be justified on the authority of Railroad Co. v. Car Co.,.5 App. D. C. 524, 541. In that case it was averred, as here, that time was of the essence of the contract, and that the failure of the defendant to perform within the time limited resulted in damages to the plaintiff. Mr. Chief Justice Alvey, who spoke for the court, said that a provision making time the essence of the contract was enforceable unless an extension of time was granted by the defendant, or some decisive act done by him which warranted the contractor in believing the time of performance would be dispensed with. But this decision does not say, or intimate, that the plaintiff, in making out his case, may offer testimony tending to show that no waiver or estoppel took place. If either occurred, it was a matter of defense, and unless the defendant saw fit to bring it to the attention of the court and jury, there would be no occasion for proof that there was no extension or waiver. Since the defendants were not willing to go into the matter it was not proper for the plaintiff to do so. None the less, as we have said, we are satisfied that no prejudicial error was committed.

[4] With respect to the prayer refused, the court was clearly right in not granting it. It said that, if the jury found the Roberts Company occupied the new building before the 15th of November, they should deduct the reasonable value of the use of the building from any sum which the company would otherwise be entitled to recover. But there was no testimony as to the value of the use, and hence there was nothing on which the jury could have based a finding such as the prayer called for.

The judgment must be, and it is, affirmed, with costs.

Affirmed.